UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY HARTFIELD, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-3120 |
| | § | |
| FRANK D OSBORNE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Petitioner Jerry Hartfield, a pretrial detainee in the custody of the Matagorda County Sherriff, filed with the assistance of counsel a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking dismissal of the capital murder indictment against him. (Docket No. 1.) Petitioner's sole ground for relief is that the State of Texas has violated Petitioner's constitutional right to a speedy trial by not promptly retrying him after the Texas Court of Criminal Appeals reversed his conviction in 1983. Respondent has filed a Motion for Summary Judgment (Docket No. 10), to which Petitioner has filed a response in opposition (Docket No. 11). Petitioner has also filed a motion for a preliminary injunction seeking to prevent his retrial--which is currently scheduled for August 2015--from going forward. (Docket No. 12.) Based on the pendency of the state criminal proceedings and the availability of state court remedies, the Court will abstain from reviewing Petitioner's speedy-trial claim, deny his motion for a preliminary injunction, and grant Respondent's motion for summary judgment. However, the Court will grant Petitioner a Certificate of Appealability from this decision to the United States Court of Appeals for the Fifth Circuit.

BACKGROUND AND PROCEDURAL HISTORY

The lengthy and convoluted procedural history that has kept Petitioner in state custody since his conviction was reversed in 1983 has been thoroughly chronicled in various state and federal court opinions and will not be reiterated here. *See Hartfield v. Thaler*, 403 S.W.3d 234 (Tex. Crim. App. 2013); *Hartfield v. Thaler*, 498 F. App'x 440 (5th Cir. 2012); *Ex parte Hartfield*, 442 S.W.3d 805, 807 (Tex. App.–Corpus Christi 2014, pet. ref'd). Suffice it to say that Petitioner previously filed both state and federal habeas corpus petitions asserting his speedy-trial claim to no avail. On July 18, 2013, the Fifth Circuit affirmed the dismissal without prejudice on abstention grounds of Petitioner's previous federal habeas petition, based on the determination that Petitioner had not exhausted available state court remedies. *Hartfield v. Stephens*, 536 F. App'x 455 (5th Cir. 2013). Petitioner then filed a state habeas petition under Article 11.08 of the Texas Code of Criminal Procedure which was dismissed as improper by the Texas Thirteenth Court of Appeals on August 14, 2014.[1] *Ex parte Hartfield*, 442 S.W.3d 805, 807 (Tex. App.–Corpus Christi 2014, pet. ref'd Sept. 24, 2014). After the Texas Court of Criminal Appeals refused his petition for discretionary review, *id*., Petitioner filed the instant pretrial federal habeas petition, again asserting his speedy-trial claim.

DISCUSSION

Petitioner's present petition asserts that the Court should waive the exhaustion requirement and address the merits of his speedy-trial claim on pretrial federal habeas review given the extraordinary circumstances of this case and the possibility that he may suffer irreparable injury if his retrial is allowed to proceed at this late date.

[1] Petitioner also filed a motion to set aside the indictment in his criminal proceedings, which was denied. (Docket Nos. 10-9 at 4-6; 10-10 at 1.)

To be eligible for habeas corpus relief under 28 U.S.C. § 2241, a state petitioner must be "in custody" and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas corpus claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). This judicially crafted exhaustion requirement applicable to pretrial habeas petitions brought under § 2241 is based on the principles of comity and federalism expounded by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger*, 401 U.S. at 45. Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

Applying these principles in the speedy-trial context, the Fifth Circuit has held that, absent "special circumstances," pretrial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy-trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 228. Although the Fifth Circuit has not clarified what "special circumstances" might warrant an exception from this rule, it has noted that federal habeas relief "should not be used as

a 'pre-trial motion forum for state prisoners.'" *Id*. at 229 (quoting *Braden*, 410 U.S. at 493). Other courts have focused on whether state procedures are sufficient to protect a petitioner's constitutional rights without pretrial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975).

In this case, Petitioner argues that preventing his retrial in the state courts is necessary to protect his constitutional right to a speedy trial, essentially morphing his speedy-trial right into a right not to be tried.[2] (Docket No. 12 at 1.) The Supreme Court, however, has expressly held that "the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." *United States v. MacDonald*, 435 U.S. 850, 859-61 (1978). As explained in *MacDonald*, because "[t]he resolution of a speedy trial claim necessitates a careful assessment of the particular facts of the case . . . most speedy trial claims . . . are best considered only after the relevant facts have been developed at trial."[3] *Id*. at 858.

Petitioner has not presented any special circumstances which would justify consideration of his speedy-trial claim on pretrial federal habeas review. Petitioner's primary argument is that a retrial at this late date would not have a reasonable prospect of resulting in a valid conviction, therefore, the indictment against Petitioner should be dismissed pursuant to *Strunk v. United States*, 412 U.S. 434 (1973) (holding dismissal of the indictment to be the proper remedy when the Sixth Amendment right to a speedy trial has been violated). (Docket No. 12 at 1-2.)

2 Petitioner is obviously not seeking federal habeas relief merely to enforce the state's obligation to bring him promptly to trial, as he admits that his retrial is presently set for August of this year, and he seeks to enjoin that trial from going forward.

3 Although *MacDonald* involved an interlocutory appeal by a federal defendant, its reasoning carries even greater weight here given the federalism and comity concerns raised by this pretrial federal habeas petition.

However, as noted in *MacDonald*, merely because dismissal of the indictment is recognized as the proper remedy when a speedy-trial violation is found "does not give a defendant the 'right not to be tried.'" *MacDonald*, 435 U.S. at 860 n. 7. Petitioner has not shown that state procedures, including direct appeal and post-trial state habeas review, are insufficient to protect his constitutional rights. Moreover, because Petitioner's argument regarding the state's prospects of obtaining a valid conviction is inextricably intertwined with the merits of his speedy-trial claim, and the speedy-trial claim cannot be properly evaluated until after trial, this pretrial federal habeas petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), prevents appellate consideration of a habeas petition unless the district or circuit court certifies specific issues for review. *See* 28 U.S.C. § 2253(c); FED. R. APP. P. Rule 22(b). Although Petitioner has not yet requested a Certificate of Appealability, the Court can consider the matter *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court may only issue a Certificate of Appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Petitioner's decades-long confinement without a valid criminal conviction is presumably sufficient to make a substantial showing of the denial of a constitutional right, the Court will grant a Certificate of Appealability from this decision. The issue certified for appeal is whether Petitioner has demonstrated "special circumstances" under *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), which warrant consideration of the merits of his speedy-trial claim on pretrial federal habeas corpus review.

## CONCLUSION

Based on the foregoing, the Court ORDERS that:

1. Respondent's Motion for Summary Judgment (Docket No. 10) is GRANTED.

2. Petitioner's Motion for a Preliminary Injunction (Docket No. 12) is DENIED.

3. Petitioner's federal petition for habeas corpus relief is DENIED.

4. A Certificate of Appealability is GRANTED.

5. This habeas action is DISMISSED WITHOUT PREJUDICE.

The Clerk will provide a copy of this Order to the parties and to the United States Court of Appeals for the Fifth Circuit.

SIGNED at Houston, Texas, this 21st day of April, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE